UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE AARON BLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-1304-F |
| ) | |
| PRE-PAID LEGAL SERVICES, INC., ) | |
| an Oklahoma Corporation, and ) | |
| HARLAND STONECIPHER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is defendants' Partial Motion to Dismiss all of plaintiff's claims against them with the exception of plaintiff's claims for breach of contract against defendant Pre-Paid Legal Services, Inc. ("Pre-Paid"). Doc. No. 16. Defendants assert that plaintiff's amended complaint fails to state claims on which relief can be granted.

The court assesses the adequacy of plaintiff's pleading under the standards set forth in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The court agrees with defendants that plaintiff's claim that defendants tortiously interfered with his contractual or business relationship with defendant Pre-Paid fails to state a legally cognizable claim under Oklahoma law. "A cause of action for wrongful interference with contract can arise only when one who is not a party to a contract interferes with that contract by convincing one of the parties to breach its terms." Ray v. American National Bank & Trust Co., 894 P.2d 1056, 1060 (Okla. 1994). See Gabler v. Holder & Smith, Inc., 11 P.3d 1269 (Okla. Civ. App. 2000)

(upholding dismissal of tortious interference with contractual/business relations and tortious interference with prospective economic advantage claims because the alleged interferer was not a third party to the business relationship).  Defendant Stonecipher is alleged to be the chief executive officer of defendant Pre-Paid and to have been an agent of defendant Pre-Paid at all times material to the Amended Complaint.  *See* Amended Complaint at ¶¶ 2 & 14.  Accordingly, neither Pre-Paid nor Stonecipher was a third party to plaintiff's business or contractual relationship with Pre-Paid against whom a tortious interference claim can be made.  *See* Voils v. Santa Fe Minerals, Inc., 911 P.2d 1205, 1210 (Okla. 1996) (agent of party to contract could not, as a matter of law, intentionally interfere with that party's contract with another); Metroplex Properties, L.L.C. v Oral Roberts University, 956 P.2d 926, 931 (Okla. Civ. App. 1998) (agent of party to a contract cannot be liable for wrongfully interfering with the contract); Ray v. American National Bank & Trust Co., 894 P.2d at 1060 (bank acting in representative capacity for party to a contract could not wrongfully interfere with such contract).

Plaintiff, however, also alleges that defendants tortiously interfered with plaintiff's business relationship with or prospective economic advantage from a "business enterprise involving the travel industry which afforded excellent economic opportunities for both the present and future," Amended Complaint at ¶ 17, "by contacting colleagues, associates and members, and informing them that plaintiff was guilty of improper and illegal acts regarding Pre-Paid and that he had violated one or more agreements with Pre-Paid." *Id.* at ¶ 20.  Plaintiff alleges that the "illegal and improper" conduct which defendants told plaintiff's colleagues and friends he had engaged in was plaintiff's communications with anyone who was or ever had been associated in some manner with Pre-Paid. *See id.* at ¶ 22. Plaintiff further alleges that "the purpose of such communications by defendants was to destroy plaintiff's

relationships with his colleagues, associates, members and friends so as to prevent him from engaging with them in his travel business." *Id.* at ¶ 20. Plaintiff alleges that defendants' conduct was intentional, wrongful, malicious and illegal, *see id.* at ¶¶ 22 & 23; was "designed to induce or otherwise cause the plaintiff's colleagues, associates, members and/or friends not to enter into or continue the prospective relation or to prevent the plaintiff from acquiring or continuing the prospective relationships," *id.* at ¶ 20; that defendants were successful, *id.;* and that plaintiff was and is being damaged. *Id.* While plaintiff's pleading is somewhat inartful and lacks the factual specificity that is desirable, the court finds that plaintiff's pleading states enough facts, though barely so, to state a claim against defendants for intentional interference with business relations or prospective economic advantage that is plausible on its face. *See* Twombly, supra, ___ U.S. at ___, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.  Plaintiff's pleading of this claim goes beyond "labels and conclusions, and a formulaic recitation of the elements." *Id.*, ___ U.S. at ___, 127 S.Ct. at ___, 167 L.Ed.2d at 940 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

Likewise, plaintiff's factual allegations are sufficient under Twombly, supra, though barely so, to state a claim for defamation that is plausible on its face. Defendants argue that plaintiff does not state who made the allegedly defamatory statements, to whom they were made or what in the statements was defamatory or untrue.  However, plaintiff alleges that defendants made statements to plaintiff's colleagues, associates and members that plaintiff was guilty of improper and illegal acts by contacting them because they were or had been associated in some manner with Pre-Paid and had violated one or more of his agreements with Pre-Paid by, it can be inferred, doing so, and that he was "not legally precluded from communicating with such persons including inviting such persons to participate in another business

enterprise so long as he . . . [did] not encourage such persons to terminate the relationship, if any, with Pre-Paid" or interfere with that relationship, which plaintiff had not done.  Amended Complaint at ¶ 22.

Plaintiff's claims for breach of contract against defendant Stonecipher and his claims for breach of the duties of good faith and fair dealing and for conversion against both defendants must be dismissed.  Pursuant to LCVR 7.1(g), in the court's discretion, defendants' motion directed to these claims is deemed confessed by reason of plaintiff's failure to respond.  Additionally, because defendant Stonecipher is not a party to the "Associate Agreement" which is the subject of plaintiff's breach of contract claim, the breach of contract claim against defendant Stonecipher fails to state a claim on which relief can be granted and must be dismissed.  With respect to plaintiff's claim for breach of the duty of good faith and fair dealing, while such a duty is implied in every contract, "[i]n ordinary commercial contracts, a breach of that duty merely results in damages for breach of contract, not independent tort liability." Wathor v. Mutual Assurance Administrators, Inc., 87 P.3d 559, 561 (Okla. 2004). Tort claims for the breach of the duty of good faith and fair dealing in Oklahoma have been limited to insurance-related contracts.  *See id.* at 561-62.  Hence, to the extent plaintiff is attempting to state a tort claim for breach of the duty of good faith and fair dealing against defendant Stonecipher, he fails to state a claim under Oklahoma law on which relief can be granted, and to the extent he seeks to state such a claim against defendant Pre-Paid, that claim is subsumed by his claim for breach of contract against that defendant and he fails to state a tort claim on which relief can be granted.  Finally, because only tangible personalty can be converted under Oklahoma law and money is intangible personal property under Oklahoma law, *see* Shebester v. Triple Crown Insurers, 826 P.2d 603, 608 (Okla. 1992), plaintiff has failed to state a claim for conversion on which relief can be granted.

Plaintiff concedes that Oklahoma law does not recognize a cause of action for negligent infliction of emotional distress. That claim must be dismissed. Plaintiff makes no response to defendant's motion directed to his claim for intentional infliction of emotional distress. Accordingly, in the court's discretion, defendants' motion directed to that claim is deemed confessed and is granted. Defendants assert that plaintiff's "naked recitation of the elements of negligence fails to give the parties fair notice of a plausible negligence claim," defendants' Partial Motion to Dismiss at p. 17, and that plaintiff fails to allege any facts plausibly supporting the inference that defendants owed him any special duty, that they breached it and that plaintiff was injured as a result. *Id.* at pp. 17-18. However, it may reasonably be inferred from plaintiff's allegations that defendants knew or should have known that plaintiff was not contractually prohibited from attempting to engage his colleagues, associates, friends and members in any business other than Pre-Paid when he was no longer associated therewith; that defendants were mistaken or negligent in representing to such individuals that plaintiff's actions were illegal and in violation of his agreements with Pre-Paid; and that plaintiff was injured in his new ventures as a result. *See* Amended Complaint at ¶ 20, 22, 45 & 47. "[W]ithout regard to the relationship of the parties, a person owes a duty of care to another person whenever the circumstances place the one person in the position towards the other person such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger or injury to the other person." Lowery v. Echostar Satellite Corp. 160 P.3d 959, 964 (Okla. 2007) (citing Lisle v. Anderson, 61 Okla. 68, 159 P. 278 (Okla. 1916)). The most important consideration in determining the existence of a duty, which is a legal question for the court, is foreseeability of harm to the plaintiff. *Id.* Generally, a defendant owes a duty of care to a plaintiff who is foreseeably endangered by that defendant's conduct. *Id.*

Plaintiff has alleged facts from which it may be inferred that it was foreseeable to defendants that plaintiff would be injured by their conduct if they failed to exercise due care and that defendants breached their duty of due care, which resulted in injury to the plaintiff.  Applying Oklahoma negligence law and Twombly pleading standards, plaintiff has alleged facts sufficient to state a plausible negligence claim.

In accordance with the foregoing, defendants' Partial Motion to Dismiss (doc. no. 16) is **GRANTED IN PART** and **DENIED IN PART**.  The Partial Motion to Dismiss is **GRANTED** as to plaintiff's tortious interference claim relating to his contract or prospective economic relations with Pre-Paid; as to his claim against defendant Stonecipher, only, for breach of contract; and as to his claims against both defendants for breach of the duties of good faith and fair dealing, conversion, negligent infliction of emotional distress, and intentional infliction of emotional distress.  Defendants' Partial Motion to Dismiss plaintiff's claims for tortious interference with business relations or prospective economic advantage relating to his travel business, for defamation, and for negligence is **DENIED**.

DATED March 14, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1304p004(pub).wpd